[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2010
JOHN LEY
CLERK

No. 09-16397
Non-Argument Calendar
_____

D. C. Docket No. 08-00315-CR-18-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RASHAUD JOHNSON,
a.k.a. Rocky,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 11, 2010)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, Rashaud Johnson appeals his 142-month sentence for

conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. Johnson argues that the district court clearly erred in denying his request for a two-level minor role reduction, pursuant to U.S.S.G. § 3B1.2(b). After review, we affirm.[1]

A defendant may receive a two-level reduction in his offense level if he was a minor participant in the criminal activity. U.S.S.G. § 3B1.2(b). A defendant is a minor participant if he is less culpable than most other participants, but his role could not be described as minimal. U.S.S.G. §3B1.2 cmt. n.5. The defendant has the burden of establishing his role in the offense by a preponderance of the evidence. United States v. DeVaron, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).

The determination of whether to apply a minor role reduction "is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 cmt. n.3(c). "Two principles guide the district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense." United States v. Alvarez-Coria, 447 F.3d 1340, 1343 (11th Cir. 2006). When the relevant conduct attributed to defendant is the same as his actual conduct, "he cannot prove

---

[1]We review for clear error a district court's determination as to a defendant's role in the offense. United States v. DeVaron, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable." Id.; see also De Varon, 175 F.3d at 942-43 (concluding that"when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs").

As to the second prong, the district court is permitted to "measure the defendant's conduct against that of other participants" but only "where the record evidence is sufficient." De Varon, F.3d at 934. Furthermore, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." Id. at 944.

Here, the district court did not clearly err in denying Johnson 's request for a minor role reduction. Johnson's relevant conduct matched his actual conduct; that is, he was held accountable for only the amount of cocaine he undisputedly purchased or attempted to purchase from Telly Petty.[2] Thus, Johnson's argument that he played no role in Petty's larger drug trafficking operation is unavailing. Johnson played an important role in his own conspiracy with Petty to purchase

---

[2]According to Johnson's presentence investigation report, to which Johnson did not object, Johnson purchased six ounces from Petty on fifteen separate occasions and attempted to purchase 18 ounces (or a half-kilogram) on August 29, 2008, for a total of 108 ounces, or 3.06 kilograms of cocaine. This was the amount used to calculate Johnson's base offense level.

3

cocaine.[3]

**AFFIRMED.**

---

[3]The conclusion statement in Johnson's brief states that he seeks the "protection . . . of Section 3553(a)'s mandate to impose a sentence 'sufficient, but not greater than necessary'" and contends that the "sentencing judge did not or could not independently evaluate whether the sentence complies with 18 [U.S.C.] § 3553(a) . . . ." To the extent Johnson is arguing that his sentence is procedurally unreasonable because the district court erred in refusing to award him the minor role reduction, that argument is without merit for the reasons discussed. To the extent Johnson attempts to argue that his sentence is unreasonable for other reasons, he has waived this issue. See Greenbriar, Ltd. v. Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (declining to consider issue identified in brief's statement of the case, but not elaborated upon in argument on the merits).